## Santi v. American Coal Exchange, Inc.

*Workmen's compensation—Coal mining company—Manager—Employee—Injury in course of employment as manager—President—Director—Ownership of stock—Act of June 2, 1915, P. L. 736, and amendments.*

1. A president and director of a corporation, serving in these offices without compensation, who is also the manager of the company, serving for wages, is an employee of the company in the latter capacity, within the meaning of the Workmen's Compensation Act.

2. If he is killed in the course of his employment as manager while doing some manual work incident to such employment, his wife is entitled to compensation for his death.

3. In such case, it is immaterial that the decedent owned a majority of the shares of stock of the company.

Appeal by defendant from the decision of the Workmen's Compensation Board. C. P. Lackawanna Co., Jan. T., 1926, No. 1535.

*Knapp, O'Malley, Hill & Harris,* for appellant.

*H. W. Mumford,* for appellee.

POTTER, P. J., 17th judicial district, specially presiding, Oct. 4, 1926.—From the files of this case we gather that the defendant is a corporation engaged in the business of mining coal, and at the time of the accident which induced this claim was engaged in stripping operations at Childs, in Lackawanna County.

The claimant, Helen Santi, is the widow of Giovanni Santi, who was accidentally killed on April 12, 1924, by the falling upon him of the dipper of a steam shovel, who at that time resided at Carbondale, in Lackawanna County, but who now resides at East Orange, in the State of New Jersey. This husband and this wife had no children.

The stock of this defendant corporation consists of 2000 shares, 1001 of which were owned by the decedent at the time of his death. He was the president of this corporation as well as a member of the board of directors, which offices carried with them no compensation. On Aug. 10, 1923, at a meeting of the board of directors, the deceased was by them employed to act as manager of this corporation at a salary of $100 per week. On Sept. 21, 1923, at another meeting of the board of directors, it was voted to increase his pay because of the difficult and arduous character of his work. The amount of his increase was later fixed at $50 per week. As manager of this corporation, the deceased hired and discharged all workmen, had the general supervision of them as to their work, its character and nature, frequently took the place of absent workmen, and generally lent a helping hand whenever and wherever necessary in the manual labors incident to the operations of the corporation. We are led to believe he wore workman's apparel when discharging his duties as manager or foreman, by whichever name he may be designated.

While in the performance of his duties as such, he met his death on April 12, 1924. His said widow filed her claim for compensation, which was allowed by the referee. An appeal was taken from his award to the Workmen's Compensation Board, who affirmed the award of the referee. An appeal was then taken to this court, which we now have before us for disposition.

We see only one question to be passed upon, which is, Was the deceased an employee of this defendant corporation within the meaning of the law at the time of his death, acting within the scope of his employment, or was he not?

Santi v. American Coal Exchange, Inc.

If he was, his widow is entitled to compensation. If he was not, then she is not so entitled.

The term "employee" is defined in 20 Corpus Juris, 1241, as "one who is employed—one who works for an employer or master—one who works for wages or salary—a person hired to work for wages as the employer may direct—a person in constant and continuous service, for however brief a period of time—one whose time and skill are occupied in the business of his employer—any one who renders labor or services to another."

The context and connection in which it is used must largely determine what occupations and what capacities are embraced in it. There can be no iron-clad rule laid down as to who may be embraced or as to who may be excluded within its meaning. The Workmen's Compensation Act of June 2, 1915, § 104, P. L. 736, declares it to be synonymous with servant, and to include all natural persons who perform service for another for a valuable consideration.

Applying the facts of this case, as exhibited to us, to the definitions as given, we are inclined to regard Giovanni Santi, the deceased husband of the claimant, as an employee of the American Coal Exchange, Inc. He was serving this corporation in a dual capacity; first, as president and director, for which he received no compensation; and, second, as manager or foreman, for which he received $150 per week. His duties as president and director were of a ministerial character, were rendered gratuitously, and required his attention in the office at stated times, looking after the business end of the enterprise, in the furtherance of the business affairs of the corporation. No compensation could attach upon his injury or death while engaged in these duties. And if that was all that was presented to us, we would clearly decide his widow entitled to no compensation.

But we find him also engaged or hired or employed as manager of this corporation. As such, his duties were separate and distinct from those of president and director. As manager, he was obliged to be every working day engaged in his duties. His watchful eye was continually on each and every man in his employ. He was with and came in daily contact with them as well as with each and every part of manual labor incident to active operations. He was at times obliged to perform manual labor. When he was acting as manager, he was not acting as president or director, and vice versa.

He was employed by the board of directors, of which he was one, which is shown by the records of the corporation. It is true he was one of them, but it is equally true that, as one of the directors, he could not control the actions of the board. They employed him for wages and they could discharge him. His employment was at the will of this board. He took his orders from them as to the workings, and performed such duties, and had done such work, as he was directed. And this board either affirmed his acts or disaffirmed them. He was in their employ and was paid by them. Why, then, would he not, as manager, be an employee? We fail to see why.

It is true he owned a majority of the shares of stock, but this fact would not disqualify him from being classed as an employee. It frequently occurs that workmen own stock in the concern that employs them, by reason of which they will take more interest in the workings of the company in which they have their money invested.

But it is claimed that, as this decedent was the president and a director in this corporation, he cannot be regarded as an employee in his position as manager. We think this is a distinction without a difference. Had he lost his life while performing duties incident to his office as president or director

Santi v. American Coal Exchange, Inc.

of this company, the claim of his widow would not fall within the provisions of the act. But, having been killed while he was engaged in his duties as manager, we think he is to be regarded as an employee, and that his widow is entitled to compensation.

And now, to wit, Oct. 4, 1926, the appeal is dismissed and the award of the Workmen's Compensation Board is affirmed.

From William A. Wilcox, Scranton, Pa.